IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY E. KUCERA,

      Plaintiff,

v.                                                                                                                  No. 1:19-cv-01028-KG-KK

UNITED STATES OF AMERICA,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL AND TO SHOW CAUSE

THIS MATTER comes before the Court on Plaintiff's Complaint, Doc. 1, filed November 5, 2019, and on Plaintiff's Amended Complaint, Doc. 6, filed November 7, 2019.

Dismissal

The Court has previously imposed filing restrictions on Plaintiff stating: "Plaintiff also will be enjoined from initiating further litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*." Doc. 6 at 2, filed May 21, 2018, in *Kucera v. Lawrence Livermore National Laboratories*, No. 1:18-cv-00250-WJ-LF (D.N.M.) (describing steps Plaintiff must take to obtain permission to proceed *pro se* in this Court). Plaintiff did not take the required steps to obtain permission to proceed *pro se* in this Court and the Complaint is not signed by a licensed attorney who is admitted to practice before this Court. The Court, therefore, dismisses this case without prejudice.

Court's Power to Impose Filing Restrictions

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

Litigant's Abusive History

This is the second case that Plaintiff has filed after the Court imposed filing restrictions. Plaintiff has not complied with the filing restrictions in either case. *See* Doc. 5, filed October 8, 2019, in *Kucera v. Department of Justice*, No. 1:19-cv-00931-MV-JFR (D.N.M.) (reminding Plaintiff that the Court had previously imposed filing restrictions). Because Plaintiff continues to initiate litigation without complying with the filing restrictions, the Court finds that additional filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

Proposed Filing Restrictions

Plaintiff sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in seven of the eight cases he has filed in this Court.[1] Plaintiff has not filed a motion to proceed *in forma pauperis*

---

[1] *See Kucera v. Choi*, No. 1:17-cv-789-KG-SCY; *Kucera v. United States*, No. 1:17-cv-1228-JB-KK; *Kucera v. Central Intelligence Agency*, No. 1:18-cv-94-JB-GJF; *Kucera v. Los Alamos National Labs*, No. 1:18-cv-95-JCH-

or paid the filing fee in this case. Plaintiff has repeatedly abused the privilege of filing civil actions without prepaying the filing fee by not complying with the filing restrictions. "When a litigant abuses these privileges, filing restrictions are appropriate." *Werner v. Utah,* 32 F.3d 1446, 1447 (10th Cir.1994) (per curiam).

The Court intends to stop allowing Plaintiff to file new cases without prepaying the filing fee. Federal law orders the Clerk to require the parties instituting any civil action to pay a filing fee. *See* 28 U.S.C. § 1914(a). The statute governing proceedings *in forma pauperis* allows, but does not require, the Court to authorize commencement of an action without prepayment of fees.[2] *See* 28 U.S.C. § 1915(a)(1) (stating "any court of the United States *may* authorize the commencement" of an action without prepayment of fees) (*emphasis added*). Section 1915(a) does not permit litigants to avoid payment of fees; only prepayment of fees may be excused. *See Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013) ("all § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (*emphasis in original*). Accordingly, "proceeding *in forma pauperis* in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998), *cert. denied,* 526 U.S. 1008 (1999). In some cases, federal law requires that the Court deny certain parties the privilege of proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g) (the three-strikes provision of the *in forma pauperis* statute requires certain prisoners[3] to prepay the entire filing fee before federal courts may consider their civil actions and appeals); *see also White v. Colorado*, 157 F.3d at 1233 (the three-strikes provision "does not

---

SCY; *Kucera v. Sandia Corp.*, No. 1:18-cv-166-WJ-LF; *Kucera v. Lawrence Livermore National Laboratories*, No. 1:18-cv-250-WJ-LF; and *Kucera v. Department of Justice*, No. 1:19-cv-931-MV-JFR.

[2] The fee for instituting any civil action, suit or proceeding in this Court is $400.00, which is comprised of the $350.00 filing fee, *see* 28 U.S.C. 1914(a), and a $50.00 administrative fee.

[3] Those prisoners who "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3

prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying [*in forma pauperis*] status"); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001) (*en banc*) ("§ 1915(g) does not block a prisoner's access to the federal courts. It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee").

The Court proposes to impose the following additional filing restrictions on Plaintiff: (i) Plaintiff may not commence any civil actions without prepayment of fees; and (ii) The Clerk of the Court shall not accept any documents initiating a new case unless Plaintiff prepays the filing fee.

Opportunity to Be Heard

Plaintiff is ordered to show cause within fourteen (14) days from the date of this Order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

Communication with the Court

Plaintiff emailed his Amended Complaint and three other documents to the Court's proposed text email addresses. *See* Doc's 3-6, filed November 6-7, 2019. "Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division where the subject case has been assigned." "Guide for Pro Se Litigants at 5, (D.N.M. November 2019) (giving addresses for the Clerk of Court in Albuquerque, Las Cruces and Santa Fe). Documents mailed or emailed

to chambers without direction by the Court may be discarded without being filed and without Court response to the sender.

IT IS ORDERED that:

(i) This case is DISMISSED without prejudice.

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why the Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
UNITED STATES DISTRICT JUDGE