IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY E. KUCERA,

      Plaintiff,

v.                                                                                     No. 1:19-cv-01028-KG-KK

UNITED STATES OF AMERICA,

      Defendant.

## ORDER IMPOSING ADDITIONAL
## FILING RESTRICTIONS AND TO SHOW CAUSE

THIS MATTER comes before the Court on Plaintiff's failure to show cause why the Court should not impose additional filing restrictions.

The Court has previously imposed filing restrictions on Plaintiff stating "Plaintiff also will be enjoined from initiating further litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*." Doc. 6 at 2, filed May 21, 2018, *Kucera v. Lawrence Livermore National Laboratories*, No. 1:18-cv-00250-WJ-LF (D.N.M.) (describing steps Plaintiff must take to obtain permission to proceed *pro se* in this Court).

This is the second case that Plaintiff has filed after the Court imposed filing restrictions. Plaintiff has not complied with the filing restrictions in either case. *See* Doc. 5, filed October 8, 2019, in *Kucera v. Department of Justice*, No. 1:19-cv-00931-MV-JFR (D.N.M.) (reminding Plaintiff that the Court had previously imposed filing restrictions).

The Court notified Plaintiff of proposed additional filing restrictions and ordered Plaintiff to show cause, by November 22, 2019, why the Court should not impose the proposed additional filing restrictions. *See* Doc. 7, filed November 8, 2019.

Plaintiff subsequently paid the filing fee for this case and filed the following documents:

(i) "Motion to Pro Se and Motion to Compell [sic] Emergency Release of Privacy Act and FOIA's for Judicial Review," Doc.10, filed November 18, 2019.

(ii) "Motion for Emergency Hearing on Protective Order/National Security Letter, Expedited Review on FOIA/Privacy Act; Motion to E-File," Doc. 11, filed November 22, 2019.

(iii) "Supplemental," Doc. 12, filed November 25, 2019.

(iv) "Motion for Appointment of Counsel, Motion for Hearing for Motion to View In Camera, Ex-Parte, Current Dossier," Doc. 13, filed November 26, 2019.

(v) "Motion for an Emergency Hearing, Motion Appointment of Counsel, or Need to Know Motion to Pro Se and Motion to Compell [sic] Emergency Release of Privacy Act and FOIA's for Judicial Review," Doc. 14, filed November 26, 2019.

(vi) "Judicial Review 552(a)(4)(B), Expedite," Doc. 15, filed December 2, 2019.

(vii) "Judicial Review. 5 U.S.C. § 552(A)(6)(E)(III), and 5 U.S.C. § 552(A)(4)(B), Doc. 16, 2019.

(vii) "Motion for Summary Judgement [sic] Motion for Plenary Withholdings Review and Appointment of Intermediary for Multiple Agency Expedite/Mandatory Declassification Review," Doc. 17, filed December 6, 2019.

None of these documents show cause why the Court should not impose the proposed additional filing restrictions. The Court now imposes the additional filing restrictions that Plaintiff may not commence any civil actions without prepayment of fees and the Clerk of the Court shall not accept any documents initiating a new case unless Plaintiff prepays the filing fee.

Order to Show Cause

Plaintiff has filed eight documents, listed above, in an attempt to continue to litigate this case after the case has been dismissed. The Court proposes to impose the following filing restrictions on Plaintiff so that the Court does not expend valuable resources addressing meritless motions.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*.

IT IS ORDERED that:

(i) Plaintiff may not commence any civil actions without prepayment of fees.

(ii) The Clerk of the Court shall not accept any documents initiating a new case unless Plaintiff prepays the filing fee.

(iii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written response to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

(iv) The following pending motions are DENIED as moot:

(a) "Motion to Pro Se and Motion to Compell [sic] Emergency Release of Privacy Act and FOIA's for Judicial Review," Doc.10, filed November 18, 2019.

(b) "Motion for Emergency Hearing on Protective Order/National Security Letter, Expedited Review on FOIA/Privacy Act; Motion to E-File," Doc. 11, filed November 22, 2019.

(c) "Motion for Appointment of Counsel, Motion for Hearing for Motion to View In Camera, Ex-Parte, Current Dossier," Doc. 13, filed November 26, 2019.

(d) "Motion for an Emergency Hearing, Motion Appointment of Counsel, or Need to Know Motion to Pro Se and Motion to Compell [sic] Emergency Release of Privacy Act and FOIA's for Judicial Review," Doc. 14, filed November 26, 2019.

(e) "Motion for Summary Judgement [sic] Motion for Plenary Withholdings Review and Appointment of Intermediary for Multiple Agency Expedite/Mandatory Declassification Review," Doc. 17, filed December 6, 2019.

_____
UNITED STATES DISTRICT JUDGE